IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY FLORIDA

RUFUS LOVELL BROOKS,

    Plaintiff

Vs.

AMPCUS, INC.
ANJALI RAMAKUMARAN as CEO at AMPCUS, and in her individual capacity;

    Defendants

CASE NO:

VERIFIED COMPLAINT FOR COMPENSATORY, ASSUMED, AND PUNITIVE DAMAGES:

**JURY TRIAL DEMAN**

1

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

Plaintiff, Rufus Lovell Brooks ("BROOKS"), acting pro se, files this Verified Complaint for breach of contract against a group of unscrupulous recruiters and their employers, Defendants, Ampcus Inc., ("AMPCUS"), and Anjali Ramakumaran ("RAMAKUMARAN") , and alleges as follows:

<u>**JURISDICTION, VENUE AND PARITES**</u>

1. This is an action for Breach of Contract involving damages in excess of $15,000, exclusive of interest, costs and attorney's fees.

2. Venue and Jurisdiction are proper in this Honorable Court as this is an action for breach of contract seeking permanent injunctive relief and an award of money damages, including actual damages and reasonable attorneys' fees and costs; an award of compensatory damages.

3. Venue is deemed proper in this District pursuant to section 47.011, Florida Statutes because a substantial part of the events giving rise to this action took place within the jurisdiction of this Court, namely, that the Agreements entered into between Plaintiff and Defendants mandates that an action be commenced within the District Court of Florida.

4. Venue is proper in this Court because Plaintiff is a resident of the city of Orlando, Florida, which is located within the Orange county of Florida.

5. The Court has jurisdiction over the Defendant Ampcus, Inc. pursuant to Florida Statute §§ 48.193(1)(a), (f)(1).(2.), (g), (2) and/or by voluntary submission.

6. Defendant, Ampcus Inc. is a corporation, registered as a corporation in the State of Virginia.

7. Defendant, Ampcus, Inc. principal place of business is located at, 14900 Conference Center Dr, Suite 500, Chantilly, VA.

8. Defendant, Ampcus, Inc. has an office in Jacksonville, Florida and conduct business within the State of Florida, providing telecommunication and other staffing services throughout the State of Florida.

2

9. The Court has jurisdiction over the Defendant Anjali Ramakumaran pursuant to Florida Statute §§ 48.193(1)(a), (f)(1).(2.), (g), (2) and/or by voluntary submission.

10. At all times relevant to the allegations in this Complaint, Defendant, Anjali Ramakumaran is CEO of Ampcus, Inc. and she resides in the State of Virginia and she is a citizen of the State of Virginia.

## STATEMENT OF THE FACTS

11. Plaintiff, Rufus Brooks is a telecommunications construction/project manager, with a college degree and, with over thirty years of telecommunications experience.

12. From 2000 to the present, Plaintiff worked as a Project manager and, as a Construction Manager, managing construction cellular projects throughout the United States.

13. Over that time period, Plaintiff worked as a contractor for many of the major wireless carrier and their general contractor's including AT&T, Verizon, T-Mobile, Sprint, Ericsson and Nokia.

14. The wireless carriers and their general contractors utilized staffing agencies to supply them with contractors for construction and project manager jobs as needed.

15. The jobs are well paid jobs and require a high school education at a minimum. Over eighty percent of the jobs are held by white males with only a high school education at best.

16. Among the staffing agencies supplying contractors for the carrier and their general contractors are Ampcus, Inc., eTeam, Inc., GBC Services, Fusion Solution, Inc. and Brooks, Inc.

17. Many of the staffing agencies, including Ampcus, Inc., GBC Services, eTeam, Inc., Fusion Solution, SWI, Inc. and Brook, Inc., required the contractors to sign "right to represent" agreements or e-mail confirmations, ("RTR"), which gives the agencies the exclusive rights to represent the contractors to the carriers or general contractors for jobs.

18. The terms, length and conditions of the "RTR" agreements vary, some are for one specific job and some are for a specific period of time.

19. Contractors applying for jobs with Ericsson are required by Ericsson, to give the staffing agencies a thirty days "RTR" agreement.

3

20. When a contractor applies for a job with Ericsson, Ericsson will e-mail the contractor, and request the contractor to confirm that they have a "RTR" agreement with the staffing agency.
21. The confirmation is for the right to represent the contractor to Ericsson only, the contractor has no confirmation of any jobs that the staff agency may have submitted him/her to.
22. The other major wireless carrier and their general contractor's including AT&T, Verizon, T-Mobile, Sprint, and Nokia do not require the contractors to sign"RTR" agreements; although, the staffing agencies requires it.
23. When contractors apply for jobs with companies other than Ericsson, they have no way of knowing if they were submitted or not and have to rely on the recruiters.
24. Most of the staffing agencies and their clients including AT&T, Verizon, T-Mobile, Sprint, and Nokia utilize online portals like SAP/Field Glass, Tapfin, and others for submitting contractors for jobs.
25. Although the staffing agencies receive notice of the submittals, they do not share them with the contractors.
26. Signing a "RTR" agreement is a major concern for most contractors because they are forced to trust and rely on the recruiter for a job.
27. In general, contractors believe most staffing agencies and their recruiters are honest and have integrity; however, there are many unscrupulous staffing agencies and their recruiters out there and the Defendants belong in that group.
28. Some recruiters collect resumes and "RTR" agreements like candy, and use them to manipulate the contractors for financial exploitations, and for personal reasons.
29. It is common practice for some recruiters to hold a contractor resume and submit someone else for the job because that person was asking for a lower rate.
30. The contractor is not aware that his/her resume is being held by the recruiter and, because they have signed a "RTR" agreement with the agency, they are legally stuck with the agency and have no chance for the job with another agency.
31. Recruiter often collect resumes just to adding them to their database; they solicit contractors about a nonexistent job opening and get the contractors to send them their resumes and sign a "RTR" agreement which make the contractor legally bind to them.
32. Recruiters collects and hold contractor resumes for other reason also; including, financial gains, a candidate's marketability, race, gender, politics, and for personal reasons

## FACTUAL ALLEGATIONS

33. From 2013 until the present, Plaintiff contracted with Defendants, Ampcus Inc. and Anjali Ramakumaran for jobs with Verizon, and Ericsson.
34. During that time frame, the Defendant's employees, including, Karan Jadhav, Rishab Srivasta Shruthi Rekilge Hussain Mohammed, Aneesh Nair, Mukul Patil, Waheed Khan, Claton Lazarus, Paras Shardul, Dinesh Solanki and others, solicited and encouraged Plaintiff to apply to hundreds of jobs with Ericsson and Verizon.
35. During that time frame, Plaintiff agreed to a "RTR" agreement, and asked the Defendant's employees to submit him to hundreds of those jobs with Ericsson and Verizon.
36. During that time frame, the Defendant's employees confirmed to the Plaintiff that they had submitted him to hundreds of jobs with Ericsson and Verizon.
37. During that time frame, Plaintiff was not selected for interviews or hired for any of the hundreds of jobs that the Defendant's employees claimed they had submitted him to.
38. Upon reasonable information and belief, for at least five (5) years prior to the filing of this Complaint, Plaintiff alleges that Defendants, Ampcus, Inc. and Anjali Ramakumaran have willfully and intentionally failed to represent Plaintiff for jobs at Ericsson, and Verizon as agreed.
39. On or about May 15, 2022, to the present, Plaintiff, Rufus Brooks enter into ten RTR ('right to represent agreements") with Defendants, Ampcus, Inc. and Anjali Ramakumaran for jobs with Ericsson. A copy of the most recent agreement entered into, dated 12-28-2022 is attached as Exhibit "A".
40. During that time frame, Plaintiff did not receive an interview or job offer from any of those submissions.
41. Although the Defendants employees agreed to submit Plaintiff to Ericsson for the jobs, they did not submit him as agreed.
42. During that time frame, Defendants received "RTR" agreements from Plaintiff for those submissions.
43. The defendants led Plaintiff to believe that they had submitted him for those jobs, legally blocking him from being submitted for those jobs by other staffing agencies.

44. Plaintiff expressed concern to Defendants as to why he was unable to find employment with Ericsson, and requested feedback.
45. The Defendants did not provide Plaintiff with any feedback.
46. Plaintiff contacted Ericsson and discovered that the Defendants had not submitted Plaintiff for the jobs with Ericsson as they claimed, and, they had intentionally misled Plaintiff regarding his submissions for jobs with Ericsson.
47. Upon information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff the Defendants failed to submit Plaintiff to jobs with Ericsson as agreed.
48. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, the Defendants failed to submit Plaintiff to jobs he had applied for with Ericsson for financial reasons.
49. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, the Defendants, failed to submit plaintiff to jobs he had applied for with Ericsson because of Plaintiff's race.
50. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR agreements from Plaintiff, the Defendants, failed to submit Plaintiff to jobs he had applied for with Ericsson because of Plaintiff's age.
51. The Defendants, intentionally, willfully, wantonly and maliciously held Plaintiff's resume and failed to submit Plaintiff for jobs with Ericsson as agreed.
52. On or about May 15, 2022, to the present, Plaintiff, Rufus Brooks enter into ten RTR ('right to represent agreements") with Defendants, Ampcus, Inc. and Anjali Ramakumaran's for jobs with Verizon. A copy of the most recent agreement entered in to, dated 12-1-2022 is attached as Exhibit "B".
53. During that time frame, Plaintiff did not receive an interview or job offer from any of those submissions.
54. Although the Defendants employees agreed to submit Plaintiff to Verizon for the jobs, they did not submit him as agreed.
55. During that time frame, Defendant' employees received "RTR" agreements from Plaintiff for those submissions.
56. The defendant's employees led Plaintiff to believe that they had submitted him for those jobs,

6

legally blocking him from being submitted for those jobs by other staffing agencies.

57. Plaintiff expressed concern to Defendants as to why he was unable to find employment with Verizon, and requested feedback.

58. The Defendants did not provide Plaintiff with any feedback.

59. Plaintiff contacted Verizon and discovered that Defendants had not submitted Plaintiff for the jobs with Verizon as they claimed, and they had intentionally misled Plaintiff regarding his job submissions to Verizon.

60. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, the Defendants failed to submit Plaintiff to jobs he had applied for with Verizon for financial reasons.

61. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, the Defendants, failed to submit plaintiff to jobs he had applied for with Verizon because of Plaintiff's race.

62. Upon reasonable information and belief, Plaintiff alleges that, after receiving "RTR" agreements from Plaintiff, the Defendants, failed to submit plaintiff to jobs he had applied for with Verizon because of Plaintiff's age.

63. The Defendant's employees, intentionally, willfully, wantonly and maliciously held Plaintiff's resume and failed to submit Plaintiff for jobs with Verizon as agreed.

## COUNT I
### *(Breach of Contract as to Ericsson)*

64. This is an action for breach of Contract which resulted in damages that exceed $15,000.00 exclusive of interest, attorney's fees and cost, against Defendants, Ampcus Inc., and Anjali Ramakumaran.

65. Plaintiff incorporates and realleges paragraphs 1 through 62 as if fully set forth herein.

66. On or about May 15, 2022, to the present, Plaintiff, Rufus Brooks enter into ten ('right to represent agreements") with Defendants, Ampcus, Inc. and Anjali Ramakumaran for jobs with Ericsson.

67. The most recent agreements are attached as Exhibit "A".

68. Plaintiff gave the Defendants exclusive rights to represent him to Ericsson for jobs with their organizations.

69. Plaintiffs paid consideration to Defendants by agreeing not to allow other agencies to submit him for those jobs.

70. The "right to represent" agreements were valid, binding and enforceable contracts between the parties.

71. Defendants breached the contracts by not representing and submitting Plaintiff for jobs with Ericsson as agreed.

72. The Defendants knew or should have known that its employees had breached its contracts with Plaintiff by not representing and submitting Plaintiff for jobs with Ericsson as agreed.

73. As a direct and proximate result of Defendant's' breach, Plaintiff has been harmed, and has suffered irreparable damages.

## COUNT II
### *(Intentionally Breached of Contract as to Ericsson)*

74. Plaintiff incorporates and realleges paragraphs 1through 109 as if fully set forth herein.

75. Plaintiff and Defendants willing entered into the contracts.

76. The Defendants, Ampcus Inc., and Anjali Ramakumaran knowingly, intentionally, and willfully breached those contracts by not representing Plaintiff for jobs with Ericsson as agreed.

77. The Defendant's failure to represent Plaintiff for jobs with Ericsson as agreed was unjustifiably, "and "rendered with a malicious purpose.

78. For years the Defendants lied and led Plaintiff to believe that they were representing him for jobs with Ericsson.

79. The Defendant's knowingly, intentionally and unjustifiably enters into "right to represent" agreements with Plaintiff under false pretense, which gave them control of his job submissions to Ericsson.

80. The Defendants' conduct was committed knowingly, intentionally, willfully, wantonly, maliciously, and attended by such malice, insult and abuse with the intent to harm Plaintiff, or in blatant disregard of the substantial likelihood of causing him harm, thereby entitling Plaintiff to an award of punitive damages.

81. As a direct and proximate result of the Defendants' misconduct, Plaintiff is entitled to

compensatory, special, and punitive damages in an amount to be proven at trial.

## COUNT III
### *(Breach of Contract as to Verizon)*

82. This is an action for breach of Contract which resulted in damages that exceed $75,000.00 exclusive of interest, attorney's fees and cost, against Defendants, Ampcus Inc., and Anjali Ramakumaran.

83. Plaintiff incorporates and realleges paragraphs 1 through 62 as if fully set forth herein.

84. On or about May 15, 2022, to the present, Plaintiff, Rufus Brooks enter into ten ('right to represent agreements") with Defendants, Ampcus, Inc. and Anjali Ramakumaran for jobs with Verizon.

85. The most recent RTR agreements are attached as Exhibit, "B".

86. Plaintiff gave the Defendants exclusive rights to represent him to Verizon, for jobs with their organizations.

87. Plaintiffs paid consideration to the Defendants by agreeing not to allow other agencies to submit him for those jobs.

88. The "right to represent" agreements were valid, binding, and enforceable contracts between the parties.

89. The Defendants breached the contracts by not representing and submitting Plaintiff for jobs with Verizon as agreed.

90. As a direct and proximate result of Defendant's' breach, Plaintiff has been harmed and has suffered irreparable damages.

91. As a direct and proximate result of the Defendants' misconduct, Plaintiff is entitled to compensatory, special, and punitive damages in an amount to be proven at trial.

## COUNT IV
### *(Intentionally Breached of Contract as to Verizon)*

92. Plaintiff incorporates and realleges paragraphs 1 through 62 as if fully set forth herein.

93. Plaintiff and Defendants willing entered into the contracts.

94. The Defendants, Ampcus Inc., and Anjali Ramakumaran knowingly, intentionally, and

willfully breached those contracts by not representing Plaintiff for jobs with Verizon as agreed.

95. The Defendant's failure to represent Plaintiff for jobs with Verizon as agreed was unjustifiably, "and "rendered with a malicious purpose.

96. For years the Defendants lied and led Plaintiff to believe that they were representing him for jobs with Verizon.

97. The Defendant's knowingly, intentionally and unjustifiably enters into "right to represent" agreements with Plaintiff under false pretense, which gave them control of his job submissions to Verizon.

98. The Defendants' conduct was committed knowingly, intentionally, willfully, wantonly, maliciously, and attended by such malice, insult and abuse with the intent to harm Plaintiff, or in blatant disregard of the substantial likelihood of causing him harm, thereby entitling Plaintiff to an award of punitive damages.

99. As a direct and proximate result of the Defendants' misconduct, Plaintiff is entitled to compensatory, special, and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff, Rufus Lovell Brooks, demands judgment against Defendants, Ampcus, Inc. and Anjali Ramakumaran. as follows:

    A.  An award of , compensatory, punitive, special and other damages in appropriate amounts to be established at trial;

    B.  Such other and further relief as the Court deems just and appropriate to protect Plaintiff's rights and interests.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on Date: February 23, 2023    Rufus Lovell Brooks, Acting pro se
14016 Myrtlewood Drive
Orlando, Florida 32832
Tel: (407) 407-8123
Email: brooks.rufus@yahoo.com

Case 6:23-cv-00613-CEM-DCI    Document 1-1    Filed 04/03/23    Page 11 of 16 PageID 20

12